25 Civ. 00750 (MKB) (JAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FELICIA WHITELY, SCOTT DEFALCO and
GABRIELLE WALLS on behalf of
themselves and all others similarly situated,

                              Plaintiffs,

-against-

CITY OF NEW YORK,

                              Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO CHANGE VENUE**

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-124*
*New York, N.Y. 10007*

*Of Counsel: Eric Arbizo*
*Tel: (212) 356-3580*

## TABLE OF CONTENTS

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO CHANGE VENUE ................................................................................. 1

PRELIMINARY STATEMENT ................................................................................................. 2

STATEMENT OF RELEVANT FACTS ..................................................................................... 3

    POINT I ............................................................................................................................. 5

        Plaintiffs brought identical claims in multiple jurisdictions, and the later-filed claim should be dismissed ................................................................................................. 5

    POINT II ............................................................................................................................ 6

        In the alternative, this case should be removed to the Southern District of New York to be consolidated with related cases ................................................................................ 6

**PRELIMINARY STATEMENT**

Plaintiffs Felicia Whitely, Scott Defalco and Gabrielle Walls ("Plaintiffs") bring this collective action against the New York City Police Department ("NYPD") alleging that they, and similarly situated officers, were denied overtime pay for hours worked in excess of 40 hours per week when working shifts part of the NYPD's "Paid Detail Program." Officers participating in the Paid Detail Program perform off-duty uniformed security work, often for private businesses, for hourly pay. The Paid Detail Program operates in addition to, and not in lieu of, an officer's normal duty. Plaintiffs' claims are asserted under the Fair Labor Standards Act ("FLSA"). *See* Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

Pursuant to Federal Rules of Civil Procedure 12(b), Defendant moves to dismiss the Plaintiffs' complaint in this action (the "Complaint") based on the "first-filed" rule. All three plaintiffs in this action – Felicia Whitley, Scott Defalco, and Gabrielle Walls, are already plaintiffs in lawsuits brought pursuant to the FLSA which were filed in New York State Supreme Court and recently removed to the United States District Court, Southern District of New York. Plaintiffs Felicia Whitley and Scott Defalco brought an action in Supreme Court for the State of New York, New York County on January 15, 2025, in which they allege claims identical to those in the instant case. *See Scott Defalco v. The City of New York, et al.*, Index No. 150761/2025, Supreme Court of the State of New York, County of New York. Specifically, Plaintiffs Whitley and Defalco allege in their state court case that Defendant did not pay overtime for work that was in excess of 40 hours per week and which was part of the Paid Detail Program. Plaintiffs, in their state court case, also bring their claims pursuant to the FLSA and purport to represent a class of similarly situated officers. Plaintiff Gabrielle Walls filed identical claims in a separate complaint brought in the Supreme Court for the State of New York, New York County on January 21, 2025. *See Mohamed Monasar v. The City of New York, et al.*, Index No. 150717/2025, Supreme

2

Court of the State of New York, County of New York. Gabrielle Walls alleges the same FLSA violations for her work performed in the Paid Detail Program and also purports to represent a class of officers who participated in the Paid Detail Program. On February 14, 2025, Defendant City of New York removed Plaintiffs' first-filed to the U.S. District Court in the Southern District of New York. *See Defalco et al v. City of New York et al.,* No. 1:25 Civ. 01339 (S.D.N.Y. Feb. 14, 2025); *see also Monasar et al v. City of New York et al.*, No. 1:25 Civ. 01337 (S.D.N.Y. Feb. 14, 2025). Accordingly, the Complaint should be dismissed.

In the alternative, Defendant moves to transfer this case to the Southern District of New York to allow Defendant to consolidate the related cases.

## STATEMENT OF RELEVANT FACTS[1]

a. **Plaintiffs' Alleged Work and Pay**

Plaintiffs are police officers employed by the NYPD. ECF Doc No. 1 ("Complaint"), ¶¶ 8, 10, 12. The Plaintiffs have, individually, worked numerous shifts as part of the NYPD's Paid Detail Program. *Id.* ¶¶ 151-236. The Paid Detail Program allows NYPD officers to perform uniformed security work within New York City for private vendors. *Id.* ¶ 19. Private vendors participating in the Paid Detail Program include retail chains, supermarkets, houses of worship, sports complexes, banks, and office buildings. *Id.* ¶ 24. Plaintiffs allege that, while they are working at a vendor's location, they are controlled by the NYPD. *Id.* ¶¶ 41-128. Plaintiffs also allege that when they performed work pursuant to the Paid Detail Program, the hours worked were nearly always in excess of 40 hours per week when combined with their regular hours of duty outside the Paid Detail Program. *Id.* ¶¶ 163-165, 182-186, 216-241.

---

[1] This Statement of Facts is based on the allegations in the Complaint, which are presumed to be true solely for purposes of this motion to dismiss.

3

Plaintiff Whitely worked more than 75 shifts, each in excess of 40 hours per week, without being paid at the overtime rate of time-and-a-half. *Id.* ¶¶ 161-164. Plaintiff Defalco performed Paid Detail Program work two or three times per week since 2020, work that when combined with his regular work schedule was in excess of 40 hours per week, without being paid at the overtime rate of time-and-a-half. *Id.* ¶¶ 179-186. Plaintiff Walls worked approximately 500 hours per year as part of the Paid Detail Program, and nearly all of it was work that was in excess of 40 hours per week but not paid at the overtime rate of time-and-a-half. *Id.* ¶¶ 218-222.

### b. Procedural History and First-Filed Actions

Plaintiffs Felicia Whitely, Scott Defalco and Gabrielle Walls initiated this action on February 10, 2025. *See* Compl. On January 15, 2025, Plaintiff Scott Defalco, through current counsel, filed another complaint in the Supreme Court of the State of New York, New York County, in which he brings the nearly identical claim that "every Officer that has worked and currently works for NYPD and [vendor defendant] has been subject to the same pattern and practice of being denied overtime pay when [Paid Detail Program] hours cause the Officer to exceed forty in the week." *See* Exhibit A to Declaration of Eric Arbizo in Support of Defendant's Motion to Dismiss ("Arbizo Declaration"); *see also id.* ¶ 144. Plaintiff Defalco brought his January 15 claims under FLSA and as a collective action. *Id.* ¶¶ 151, 232-241. On or about January 27, 2025, Defalco amended his complaint to include three other plaintiffs, including Plaintiff Felicia Whitely. *See* Arbizo Declaration, Exhibit B ("Defalco FAC").

On January 15, 2025, Plaintiff Gabrielle Walls, through current counsel, filed a complaint in the Supreme Court of the State of New York, New York County, in which she alleges that "every Officer that has worked and currently works for NYPD and [vendor defendant] has been subject to the same pattern and practice of being denied overtime pay when [Paid Detail

4

Program] hours cause the Officer to exceed forty in the week." *See* Arbizo Declaration, Exhibit C; *see also id.* at 188 . Plaintiff Walls brought her January 15 claims under FLSA and as a collective action. *Id.* ¶¶ 151, 358-65. On or about January 21, 2025, Plaintiff Walls filed an amended complaint in her state court action but the claims were substantially unchanged. *See* Arbizo Declaration, Exhibit D ("Walls FAC").

On or about February 14, 2025, Defendant removed Plaintiffs' first-filed cases to the U.S. District Court in the Southern District of New York because Plaintiffs' claims area brought pursuant to FLSA and therefore arise under the laws of the United States. *See* Arbizo Declaration, Exhibits E (Defalco) and F (Monasar); *see also Defalco et al v. City of New York et al.*, No. 1:25 Civ. 01339 (S.D.N.Y. Feb. 14, 2025); *see also Monasar et al v. City of New York et al.*, No. 1:25 Civ. 01337 (S.D.N.Y. Feb. 14, 2025).

## ARGUMENT

### POINT I

**PLAINTIFFS BROUGHT IDENTICAL CLAIMS IN MULTIPLE JURISDICTIONS, AND THE LATER-FILED CLAIM SHOULD BE DISMISSED**

Plaintiffs' claims in this action were previously brought in the Plaintiffs' first filed cases in New York State courts and, accordingly, the instant Complaint should be dismissed. "Under the 'first-filed' rule, where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Greenaway v. Apple-Metro, Inc.*, No. 13-cv-2818 (ENV) (CLP), 2013 U.S. Dist. LEXIS 187198, at *3 (E.D.N.Y. Nov. 11, 2013) (quotations omitted) (granting a motion to dismiss the later-filed case when the cases involved identical FLSA claims). When a case is removed to federal court, the relevant filing date is that of the state court action. *Mfrs. Hanover Tr. Co. v. Palmer Corp.*, 798

5

F. Supp. 161, 166 (S.D.N.Y. 1992) (The principles underlying removal also weigh in favor of the state filing date."). "When determining whether to apply the first-filed doctrine, the court considers whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts. The lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially." *Burns v. Cty. of Nassau*, 337 F. Supp. 3d 210, 213 (E.D.N.Y. 2018) (quotations omitted). Plaintiff have already filed lawsuits that assert the same rights, allege the same facts, and against the same Defendant, and the Complaint should therefore be dismissed as duplicative.

Plaintiffs' first filed actions are based on the same facts as the instant Complaint. The Plaintiffs allege in their respective complaints that they are police officers that participated in the Paid Detail Program and that Defendant failed to pay overtime when hours worked under the Paid Detail Program were hours worked in excess of 40 hours of regular work. *See* Defalco FAC, ¶¶ 164-65, 336-335; *see also* Walls FAC, ¶¶ 188, 203, 440-449. The Plaintiffs bring their claims under FLSA in each complaint. *See* Compl. ¶¶ 259-265; *see also* Walls FAC, ¶¶ 440-449; *see also* Defalco FAC, ¶¶ 336-345. And all Plaintiffs' claims cover the same time period. *C.f.* Compl. ¶¶ 205-237 *with* Walls FAC, ¶¶ 206-245. Plaintiffs claims in the instant action were already brought, through Plaintiffs' current counsel, in previous actions now pending in the U.S. District Court for the Southern District of New York, and this action should be dismissed based on the "first-filed" rule. *See Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d Cir. 2001) ("In administering its docket, a district court may dismiss a second suit as duplicative of an earlier suit").

## POINT II

**IN THE ALTERNATIVE, THIS CASE SHOULD BE REMOVED TO THE SOUTHERN DISTRICT OF NEW YORK TO BE CONSOLIDATED WITH RELATED CASES**

6

This action should be dismissed for the reasons set forth in Point I above, but if the Court deems dismissal inappropriate, Defendants move in the alternative to transfer the case to the U.S. District Court in the Southern District of New York so that it may be consolidated with related cases.2

"[A] change of venue is appropriate if: (1) the plaintiff could have brought the case initially in the proposed transferee forum, and (2) transfer would promote the convenience of the parties and witnesses and the interest of justice." *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 248 (E.D.N.Y. 2012). The current case could have been, and, in substance has been, brought in the Southern District of New York. Additionally, transfer and consolidation would avoid the burden of litigating substantially similar claims in two courts at the same time. "Moreover, 'litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplicitous litigation and inconsistent results.'" *Cali v. E. Coast Aviation Servs.*, 178 F. Supp. 2d 276, 295 (E.D.N.Y. 2001) (quoting *Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*, 425 F. Supp. 665, 667 (S.D.N.Y. 1977)). Collective actions present additional reasons for consolidation:

> Defendants should not be required to send a second class notice to individuals who have already received such notice but have elected not to participate in [a previously filed case]. Indeed, it is precisely such concerns that have led courts here and in other jurisdictions to dismiss or transfer second filed FLSA actions in favor of an earlier filed similar action.

---

2 In addition to the two cases brought by Plaintiffs currently pending in the Southern District of New York, there is another case pending in the Southern District of New York based on the same facts and law. *See Albert Piney, et al. v. City of New York, et al.*, 25 Civ. 00671 (DEH)(SLC). On February 28, 2025, Plaintiff's counsel in *Piney* moved to consolidate *Piney* with Plaintiff's cases pending in the SDNY. *Id.* at ECF Doc No. 141

*Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 405 (E.D.N.Y. 2013) (citing *Wyler-Wittenberg*, 899 F. Supp. 2d 235.

    For the aforementioned reasons, Plaintiffs' Complaint should be dismissed as duplicative, or in the alternative, transferred to the U.S. District Court in the Southern District of New York.

## CONCLUSION

    **WHEREFORE**, Defendant respectfully requests that its motion to dismiss the complaint in part be granted, together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
            March 6, 2025

                                  **MURIEL GOODE-TRUFANT**
                                  Corporation Counsel of the
                                  City of New York
                                  Attorney of for Defendant
                                  100 Church Street, Room 2-124
                                  New York, New York 10007
                                  (212) 356-3580
                                  earbizo@law.nyc.gov

        By: _____
                    Eric Arbizo
                    Assistant Corporation Counsel

Cc: John Scola, Nathaniel Charny, and Megan Goddard, Attorneys for Plaintiffs (via ECF)

Case 1:25-cv-00750-MKB-JAM   Document 11   Filed 03/06/25   Page 10 of 10 PageID #: 75